Mr. Randall N. Thornton Sumter County Attorney 209 North Florida Street Bushnell, Florida 33513
Dear Mr. Thornton:
You have asked substantially the following question:
 Is Sumter County authorized to use the proceeds of a discretionary local government infrastructure surtax levied pursuant to s. 212.055(3), F.S., to refund or pay off a previously incurred bond indebtedness for construction of the county jail?
In sum:
 Section 212.055(3), F.S., requires that counties receiving proceeds under the provisions of this statute pledge such proceeds for servicing new bond indebtedness which would preclude Sumter County from using these proceeds to refund or pay off a bond indebtedness incurred prior to enactment of the statute.
Prior to July 1, 1987,[1] Sumter County issued $5,000,000.00 in bonds for construction of a new jail. You have asked whether, if the people of Sumter County approved the levy of such tax by referendum, the proceeds from a discretionary local government infrastructure surtax levied pursuant to s. 212.055(3), F.S., could be used to pay off these bonds.
Section 212.055(3), F.S., authorized the imposition of a local government infrastructure surtax by a county governing authority for a period of 15 years from the date of the levy. The levy is to be made pursuant to an ordinance enacted by a majority of the members of the county governing authority and approved by a majority of the county electors voting on a referendum on the surtax.[2]
The proceeds of the local government infrastructure surtax and any interest earned thereon must be expended within the county "to finance, plan, and construct infrastructure."[3] The statute provides that "[n]either the proceeds nor any interest accrued thereto shall be used for operational expenses of any infrastructure."[4]
Section 212.055(3)(g), F.S., states "[c]ounties and municipalities receiving proceeds under the provisions of this subsection may pledge such proceeds for the purpose of servicing new bond indebtedness incurred pursuant to law." (e.s.) When the language of the statute is clear and unequivocal, the legislative intent may be gleaned from the words used without applying incidental rules of construction.[5] The word "new" is defined as: "being other than the former or old: having freshly come into a relation"[6] and as "[f]reshly introduced."[7] It does not appear that the statute contemplates a county pledging the proceeds of the surtax to pay off or refund bond indebtedness incurred prior to the effective date of the act.
Thus, I cannot conclude that Sumter County is authorized to pay off or refund a bond indebtedness incurred prior to July 1, 1987, for the construction of the county jail with the proceeds of a duly adopted local government infrastructure surtax imposed pursuant to s. 212.055(3), F.S.[8]
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] The effective date of s. 212.055(3), F.S., was July 1, 1987. See, s. 9, Ch. 87-239, Laws of Florida.
[2] Section 212.055(3)(a), F.S.
[3] See, s. 212.055(3)(f)2., F.S., which defines "infrastructure" as "any fixed capital expenditure or fixed capital costs associated with the construction, reconstruction, or improvement of public facilities which have a life expectancy of 5 or more years and any land acquisition, land improvement, design, and engineering costs related thereto."
[4] Section 212.055(3)(f)1., F.S.
[5] See, e.g., Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984) and Reino v. State, 352 So.2d 853, 860 (Fla. 1977).
[6] Webster's Third New International Dictionary 1522 (1981).
[7] The American Heritage Dictionary of the English Language 883 (New College ed. 1979).
[8] It is a well-recognized principle of statutory construction that the mention of one thing implies the exclusion of another. Thus, when a statute enumerates the things upon which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned. See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976), and Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952).